**Ygnacio Ccayhuari OCAMPO,
Petitioner,**

v.

**Alberto GONZALES, Attorney
General, Respondent.**

No. 02–74217.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2005.*

Decided March 29, 2005.

Andrea Sheridan Ordin, Esq., Teresa A. MacDonald, Morgan Lewis & Bockius, LLP, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., John L. Davis, Edward C. Durant, Esq., DOJ–U.S. Department of Justice Civil Div./Of-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

fice of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM **

Ygnacio Ccayhuari Ocampo, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction to review the BIA's denial of asylum and withholding of removal under 8 U.S.C. § 1252. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107–08 (9th Cir.2003). We review the denial of asylum and withholding of removal for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Substantial evidence supports the IJ's finding that Ocampo failed to demonstrate his well-founded fear of persecution was objectively reasonable, and his application for asylum and withholding of removal was properly denied. *See Lata*, 204 F.3d at 1245; *Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc); *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir.1991). Ocampo testified that he feared persecution from the Shining Path ("Sendero Luminoso") due to his draft military service in the Peruvian military. He testified that he served in a communications center and that the Shining Path had infiltrated the military so that they would be able to identify him if he returned to Peru. The IJ found that although Ocampo might have a subjective fear, there was no reasonable, objective basis on which to find that the Shining Path would want to hurt him because he was never threatened, harmed or even approached by the Shining Path while in Peru.

Ocampo's argument, based on *Salazar–Paucar v. INS*, 281 F.3d 1069 (9th Cir. 2002), *amended by* 290 F.3d 964 (9th Cir. 2002), is unpersuasive. He argues that the IJ remarked on the 13–year passage of time in finding his fear of persecution objectively unreasonable, and claims that the government should be estopped from relying on the passage of time to demonstrate that his fear of persecution was not objectively reasonable. *See Salazar–Paucar*, 281 F.3d at 1077. Unlike *Salazar–Paucar*, Ocampo did not show that he had been on a list of targets by the Shining Path, nor show that during his time in Lima, Peru, he received any conceivable or verifiable threat by anyone associated with the Shining Path. *Id.* at 1071–72. In short, unlike *Salazar–Paucar*, Ocampo does not have any basis on which to show either past persecution or an objectively reasonable fear of persecution should he return to Peru. The IJ relied on the record showing Ocampo's lack of any contact with the Shining Path, and *also noted* the passage of thirteen years since Ocampo had left Peru. Even if we did not consider the passage of time, Ocampo still would not rehabilitate his failure to show a well-founded fear of persecution. Since substantial evidence supports the IJ's finding that Ocampo failed to demonstrate an objectively reasonable well-founded fear of persecution, we deny his petition for review. *See Lata*, 204 F.3d at 1245; *Fisher*,

79 F.3d at 960–61; *Castillo,* 951 F.2d at 1122.

PETITION FOR REVIEW DENIED

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.